# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **THE CHICAGO FAUCET SHOPPE, INC.**, on behalf of itself and all others similarly situated, | ) ) ) | Case No. 1:12-CV-08119 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **NESTLE WATERS NORTH AMERICA, INC.** | ) ) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

The parties, by counsel, respectfully submit this Initial Status Report pursuant to the

Court's October 15, 2012 Order.

### 1. Nature of the Case

#### A. Identity of all attorneys of record

*Counsel for Plaintiff:*

Richard E. Shevitz, Indiana Bar No. 12007-49
Admitted *Pro Hac Vice,* Lead Trial Attorney
Lynn A. Toops, Indiana Bar No. 26386-49A
Admitted *Pro Hac Vice*
COHEN & MALAD, LLP
One Indiana Square, Ste. 1400
Indianapolis, IN 46204
Telephone:  (317) 636-6481
Facsimile: (317) 636-2495
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com

Michael J. Newman
5225 Old Orchard Rd., Suite 5
Skokie, IL 60077

*Counsel for Defendant:*

Sarah R. Wolff, ARDC No.: 3123733
David Z. Smith, ARDC No. 6256687
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
swolff@reedsmith.com
DZSmith@reedsmith.com

Jeffrey M. Garrod
Admitted *Pro Hac Vice*
ORLOFF, LOWENBACH, STIFELMAN &
SIEGEL, P.A.
101 Eisenhower Parkway - 4th Floor

Telephone: (847) 673-4003                        Roseland, New Jersey 07068-1097
Facsimile: (847) 673-4007                        JMG@olss.com
michael@mjnlawoffices.com

**B. Nature of the claims asserted in the complaint and any counterclaims or third party claims**

This is a class action under the Illinois Consumer Fraud and Deceptive Business Practices Act, ("ICFA") on behalf of consumers in Illinois, Michigan, Minnesota, and Missouri which Plaintiff alleges is based on Defendant Nestle Waters North America, Inc.'s ("Nestle Waters") uniform omission of a critical disclosure to consumers in these states, all of which have statutes similar to the ICFA. Plaintiff contends that Nestle Waters uniformly fails to disclose that its Ice Mountain® 5-gallon bottled water that it markets as "100% Natural Spring Water" is not 100% natural spring water, but instead actually is nothing more than resold municipal tap water. Section 2 of the ICFA, 815 ILCS 505/2 provides a claim for actual damages against defendants that engage in "unfair . . . acts or practices, including but not limited to the use or employment of any . . . omission of any material fact, with intent that others rely upon the . . . omission of such material fact." Plaintiff contends that Nestle Waters' omission of material fact violated section 2 of the ICFA as well as similar provisions of the consumer fraud acts in Michigan, Minnesota, and Missouri, and that this court should certify a class based on Nestle Waters' uniform failure to disclose a material fact.

There are no counterclaims or third party claims.

**C. Major legal and factual issues in the case**

Plaintiff submits that the major legal and factual issues in this case are: (1) whether Nestle Waters failed to disclose that its Ice Mountain® 5-gallon bottled water that it markets as "100% Natural Spring Water" is not 100% natural spring water, but instead actually is nothing more than resold municipal tap water; and (2) whether this Court should certify this case as a class action.

Defendant disagrees with Plaintiff's factual allegations and submits the following additional major legal issues: (1) whether Plaintiff's claims are barred by applicable statutes of limitations; (2) whether Plaintiff's claims are preempted by federal law; (3) whether Plaintiff has stated a claim under the ICFA; (4) whether Plaintiff has a viable claim for unjust enrichment; and (5) whether Plaintiff has suffered any injury.

### D. Relief sought by any of the parties

Plaintiff seeks (1) the certification of this matter as a class action; (2) actual and punitive damages; (3) an injunction mandating disclosure of the fact that Ice Mountain® 5-gallon bottled water is not 100% natural spring water; (4) restitution, disgorgement, and other equitable monetary relief; (5) attorneys' fees, litigation expenses, and costs; and (5) any other relief this Court deems equitable and just.

### 2. Jurisdiction

On October 10, 2012, Defendant removed this case as this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) (2).  Plaintiff does not dispute the Court's subject matter jurisdiction.

### 3. Status of Service

The only defendant has been served.

### 4. Consent to Proceed Before a Magistrate Judge

Counsel has advised the parties that they may proceed before a Magistrate Judge and the parties do not unanimously consent to proceed before a Magistrate Judge.

### 5. Motions

### A. Pending Motions

The Plaintiff has filed a motion for class certification which Plaintiff contends is consistent with *Damasco v. Clearwire Corporation*, 662 F.3d 891, 896 (7th Cir. 2011) (recognizing that the filing of a class certification motion at the outset of a case provides a "simple solution" that protects the class and prevents the  defendant from attempting to  "buy-off" a class representative by offering the full request for relief prior to class certification, and

that the district court can defer ruling on the motion while the parties develop relevant factual information).

### B. Defendant's answer or other response to the complaint

Defendant intends to file a motion to dismiss the complaint on or before November 13, 2012.

### 6. Status of Settlement Discussions

The parties have not engaged in any settlement discussions and the parties do not request a settlement conference at this time.

Dated:                                          Respectfully submitted,


_/s/ Richard E. Shevitz_                         _/s/ Sarah R. Wolff_
Richard E. Shevitz, Indiana Bar No. 12007-49    Sarah R. Wolff, ARDC No.: 3123733
_Admitted Pro Hac Vice, Lead Trial Attorney_    David Z. Smith, ARDC No. 6256687
Lynn A. Toops, Indiana Bar No. 26386-49A        REED SMITH LLP
_Admitted Pro Hac Vice_                          10 South Wacker Drive
COHEN & MALAD, LLP                              Chicago, IL 60606-7507
One Indiana Square, Ste. 1400                   Telephone: (312) 207-1000
Indianapolis, IN 46204                          Facsimile: (312) 207-6400
Telephone: (317) 636-6481                       swolff@reedsmith.com
Facsimile: (317) 636-2495                       DZSmith@reedsmith.com
rshevitz@cohenandmalad.com
ltoops@cohenandmalad.com
                                                Jeffrey M. Garrod
                                                Admitted _Pro Hac Vice_
Michael J. Newman                               ORLOFF, LOWENBACH, STIFELMAN &
5225 Old Orchard Rd., Suite 5                   SIEGEL, P.A.
Skokie, IL 60077                                101 Eisenhower Parkway - 4th Floor
Telephone: (847) 673-4003                       Roseland, New Jersey 07068-1097
Facsimile: (847) 673-4007                       JMG@olss.com
michael@mjnlawoffices.com
                                                _Counsel for Defendant_
_Counsel for Plaintiff_